IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Just Coffee, Inc., d/b/a Dilworth Coffee, )
)
       Plaintiff, )
) Civil Action No. 3:14-cv-00601
v. )
)
Philipp Gerlach and Dilworth Espresso L.L.C., ) COMPLAINT
)
       Defendants. )
_____)

       The Plaintiff, Just Coffee, Inc., d/b/a Dilworth Coffee ("Dilworth Coffee") complaining of the Defendants, Philipp Gerlach and Dilworth Espresso L.L.C., alleges and says the following:

## PARTIES

       1.    Dilworth Coffee is a corporation organized and existing under the laws of the State of North Carolina.

       2.    Upon information and belief, Defendant Philipp Gerlach (hereafter "Gerlach") is a resident and citizen of Mecklenburg County, North Carolina. Further, upon information and belief, Gerlach personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

       3.    Defendant Dilworth Espresso L.L.C. (hereinafter "Dilworth Espresso") is a limited liability company organized and existing under the laws of the State of North Carolina and, upon information and belief, has its principal place of business and transacts business in Charlotte, North Carolina and is owned and controlled by Gerlach. Further, upon information

and belief, Dilworth Espresso is engaged in the business of maintaining a coffeehouse establishment that is offering coffee and coffee bar services to consumers.

4. Upon information and belief, Gerlach has registered the domain name dilworthespresso.com.

## JURISDICTION AND VENUE

5. This is an action arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*, the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. §§75-1.1, *et seq.*, and North Carolina Common Law.

6. This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. §1121(a). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events giving rise to the claims occurred in this district and the Defendants are located here.

## BACKGROUND FACTS

8. Dilworth Coffee operates a coffeehouse concept that prides itself on being a destination for a broad segment of consumers seeking high quality coffee and coffeehouse-related products served by knowledgeable, trained employees.

9. The first Dilworth Coffee opened in Charlotte, North Carolina in 1989 with the location in Kenilworth Commons at 1235-B East Boulevard, Charlotte, North Carolina 28203. Dilworth Coffee created original blends of the best coffees sourced from around the world, including its Dilworth Espresso Traditional and Breakfast blends. Since then, Dilworth Coffee and its licensees have spent substantial resources building and expanding its brand of high

quality coffeehouses and coffee bar services. Dilworth Coffee, through its licensing program, has opened locations in North Carolina, South Carolina and Georgia. Currently in the Charlotte, North Carolina, area there are four (4) locations, including South Park Mall, Matthews, the Shoppes at Highland Creek, and the Coddle Creek Shopping Center.

10. To consistently offer high quality coffeehouse and coffee bar services, Dilworth Coffee requires adherence to detailed guidelines and provides extensive training on the operation of and services provided at each location.

11. Dilworth Coffee owns all the rights, including those based in common law and conferred through registration, in the family of Dilworth Coffee-related trademarks, service marks, trade names, logos and designs (collectively the "Dilworth Coffee Marks"). Dilworth Coffee has continuously used the Dilworth Coffee Marks in commerce in the United States since their respective dates of first use. Its use of the Dilworth Coffee Marks has been substantially exclusive.

12. Several of the Dilworth Coffee Marks have been registered with the United States Patent & Trademark Office and are now incontestable, including:

    a. U.S. Service Mark Registration No. 1,979,528, for coffee bar services, comprising the words "DILWORTH COFFEE HOUSE"; and

    b. U.S. Service Mark Registration No. 1,931,780, for coffee bar services, comprising the words "DILWORTH COFFEE HOUSE" and a design of a house and framework.

Copies of the Certificates of Registration for the Dilworth Coffee Marks listed above are attached as Exhibit A.

3

13. In addition to the registered Dilworth Coffee Marks listed above, Dilworth Coffee owns all rights, conferred through federal statute and based in common law, in unregistered Dilworth Coffee Marks including Dilworth Coffee, Dilworth Espresso, Dilworth Espresso Traditional Blend, Dilworth Breakfast Blend, and Dilworth Coffee logo, comprised of the words Dilworth Coffee, with stylized coffee cherries on the stem of the coffee plant running through and above the words Dilworth Coffee. Further, the Dilworth Coffee Marks have acquired secondary meaning.

14. Since 1989, Dilworth Coffee and its licensees have extensively promoted its coffeehouse and coffee bar services under the Dilworth Coffee Marks in marketing campaigns and in internet advertising.

15. As a result of these efforts, Dilworth Coffee has developed considerable consumer recognition and goodwill in the Dilworth Coffee Marks and considers those to be extremely important assets.

16. Since approximately July 2014, Gerlach and Dilworth Espresso have operated a coffeehouse concept that is markedly similar in appearance to the Dilworth Coffee concept.

17. Gerlach and Dilworth Espresso presently own and operate a coffeehouse location doing business under the name Dilworth Espresso at the original Dilworth Coffee location at 1235-B East Boulevard, Charlotte, North Carolina 28203.

18. Upon information and belief, Dilworth Espresso routinely uses trademarks, service marks, trade names, designs, and/or logos that are confusingly similar to or copies of the Dilworth Coffee Marks. This use is evidenced in signage, print, and electronic promotional materials, including YouTube videos available at www.youtube.com/watch?v=qYPz2J9oqGI (September 9, 2014) and www.youtube.com/watch?v=Mtu4ykEJhiA (September 17, 2014).

19. Dilworth Espresso does not and has not ever had permission to use the Dilworth Coffee Marks or any name, design, logo, or image that is confusingly similar to or copied from the Dilworth Coffee Marks.

20. The total commercial impression created by the infringing activities, including but not limited to, use of the name Dilworth Espresso in the very same location from which Dilworth Coffee customers have purchased Dilworth Coffee and Dilworth Espresso since 1989, is so similar to the Dilworth Coffee Marks that it is likely to cause confusion or to deceive those in the relevant market as to the source, origin, affiliation, or sponsorship of Dilworth Espresso. Consumers or others in the relevant market are likely to believe that Dilworth Espresso, its coffeehouse, and its coffee bar services are sponsored by, approved by, or connected with Dilworth Coffee, or that there is some type of affiliation between Dilworth Coffee and Dilworth Espresso.

21. Upon information and belief, at the time Gerlach and Dilworth Espresso adopted the infringing names and design, Gerlach and Dilworth Espresso were aware of the Dilworth Coffee Marks. In fact, Gerlach was in negotiations with Dilworth Coffee to become a Dilworth Coffee licensee at or around the time that Gerlach and Dilworth Espresso commenced use of the infringing names and design at the original location of Dilworth Coffee and on the internet.

22. By correspondence dated September 4, 2014, September 18, 2014, and September 23, 2014, counsel for Dilworth Coffee demanded that Gerlach and Dilworth Espresso cease the infringing activities.

23. Gerlach responded on September 20, 2014, and September 23, 2014, refusing to cease the infringing activities.

24. Upon information and belief, Gerlach and Dilworth Espresso began using and continue to use the Dilworth Coffee Marks with the intent to trade on the goodwill and the distinctiveness, strength, and value of the Dilworth Coffee Marks.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

25. Paragraphs 1 through 24 are incorporated by reference as though fully set forth herein.

26. By engaging in the acts described above, Gerlach and Dilworth Espresso have used names and marks that are confusingly similar to the Dilworth Coffee Marks to provide and/or advertise their coffeehouse and coffee bar services in interstate commerce.

27. The use by Gerlach and Dilworth Espresso is likely to cause confusion, cause mistake, and/or deceive consumers, prospective consumers, and the public as to whether Dilworth Espresso's coffeehouse and coffee bar services are endorsed by, sponsored by, or somehow affiliated with Dilworth Coffee and/or whether Dilworth Espresso has permission from Dilworth Coffee to use the infringing names, marks, logos, and designs.

28. Upon information and belief, the actions of Gerlach and Dilworth Espresso were undertaken with an intentional, willful, and/or malicious intent to trade upon the goodwill associated with the Dilworth Coffee Marks.

29. The actions of Gerlach and Dilworth Espresso constitute trademark infringement under §32 of the Lanham Act, 15 U.S.C. §1114.

30. The actions of Gerlach and Dilworth Espresso constitute a false designation of origin, false or misleading description, and/or a false and misleading representation under §43 of the Lanham Act, 15 U.S. C. §1125(a)(1).

6

31. Dilworth Coffee has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing, false, and/or misleading activities of Gerlach and Dilworth Espresso.

32. Upon information and belief, unless enjoined by this Court, Gerlach and Dilworth Espresso will continue to infringe Dilworth Coffee's rights in the Dilworth Coffee Marks.

## COUNT II

### VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C.G.S. §§75-1.1 *ET* SEQ.

33. Paragraphs 1 through 32 are incorporated herein by reference as fully set forth herein.

34. The use by Gerlach and Dilworth Espresso of marks, names, logos, and designs that are confusingly similar to the Dilworth Coffee Marks in connection with the coffeehouse and coffee bar services constitutes infringement of Dilworth Coffee's common law rights in the Dilworth Coffee Marks and has damaged Dilworth Coffee.

35. Gerlach and Dilworth Espresso have used Dilworth Coffee Marks without the consent of Dilworth Coffee and such use has caused and/or is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of Gerlach and Dilworth Espresso with Dilworth Coffee, and as to the origin, sponsorship, or approval of the coffeehouse and coffee bar services provided by Gerlach and Dilworth Espresso.

36. Defendants' conduct has had and continues to have a capacity or tendency to deceive those in the relevant market as to the source or sponsorship of the coffeehouse and coffee bar services.

37. Defendants' conduct is in or affecting commerce in the State of North Carolina.

7

Case 3:14-cv-00601-FDW-DCK   Document 1   Filed 10/28/14   Page 7 of 12

38. Defendants' wrongful conduct has been the proximate cause of injury to Dilworth Coffee in violation of N.C.G.S. §§75-1.1.

39. As a direct and proximate result of Defendants' wrongful conduct, Dilworth Coffee has been injured in its business, including injury to its reputation, resulting in lost revenues and profits, and diminished goodwill and reputation.

40. Dilworth Coffee lacks an adequate remedy at law because certain damages, such as lost business opportunities and loss of goodwill, may not be susceptible to calculation and a reasonable accounting. Therefore, Dilworth Coffee may not be fully compensated by an award of monetary damages.

41. Defendants will continue to commit the unfair and deceptive trade practices described herein unless enjoined by the Court.

42. Defendants have committed and continue to commit acts of unfair and deceptive trade practices with the knowledge that the acts would violate Dilworth Coffee's rights and with knowledge that these actions are likely to confuse, mislead, and/or deceive Dilworth Coffee's customers or others in the relevant market. Defendants' actions have been willful and in conscious and intentional disregard of Dilworth Coffee's rights.

43. Upon information and belief, the actions of Gerlach and Dilworth Espresso were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the Dilworth Coffee Marks.

44. Dilworth Coffee has suffered and will continue to suffer to its business reputation and goodwill due to the infringing activities of Gerlach and Dilworth Espresso.

45. Upon information and belief, unless enjoined by this Court, Gerlach and Dilworth Espresso will continue to infringe Dilworth Coffee's rights.

## COUNT III

## UNFAIR COMPETITION UNDER NORTH CAROLINA COMMON LAW

46. Paragraphs 1 through 45 are incorporated herein by reference as fully set forth herein.

47. Defendants Gerlach and Dilworth Espresso at all times relative hereto have engaged and/or continue to engage in commerce in the State of North Carolina by promoting, selling, and/or otherwise placing into the stream of commerce the coffeehouse and coffee bar services through the unfair and/or deceptive use of trademarks, service marks, designs, and/or logos that are confusingly similar to or copies of the Dilworth Coffee Marks.

48. The acts of Gerlach and Dilworth Espresso described herein constitute unfair and/or deceptive practices, which have damaged and will continue to damage Dilworth Coffee, its business reputation, and/or its goodwill.

49. Upon information and belief, unless enjoined by this Court, Gerlach and Dilworth Espresso will continue to compete unfairly and cause their competing coffeehouse and coffee bar services to be passed off as being sponsored by or associated with Dilworth Coffee unless enjoined by the Court.

50. Defendants have committed acts of unfair competition with the knowledge that the acts would violate Dilworth Coffee's rights and with knowledge that these actions are likely to confuse, mislead, and deceive consumers or others in the relevant market. Defendants' acts have been willful and in conscious and intentional disregard of Dilworth Coffee's rights.

## RELIEF SOUGHT

WHEREFORE, Dilworth Coffee prays for judgment and relief as follows:

        a.        judgment that Dilworth Coffee owns enforceable rights in the Dilworth Coffee Marks and that all registrations for the Dilworth Coffee Marks are valid;

        b.        judgment that the Defendants have been and are directly or indirectly infringing the Dilworth Coffee Marks;

        c.        judgment that the Defendants have been and are engaging in unfair and/or deceptive trade practices by their unauthorized use of the Dilworth Coffee Marks;

        d.        judgment that the Defendants acted deliberately, willfully, intentionally or with malicious intent;

        e.        judgment that the Defendants, their directors, officers, agents, servants, employees, successors, attorneys, and assigns, and all those acting in active concert or in participation with them, be enjoined from directly or indirectly infringing the Dilworth Coffee Marks and engaging in unfair and/or deceptive trade practices, including a permanent injunction (i) requiring Defendants to cease all current use (including but not limited to modifying existing coffeehouse to cease use) of trademarks, service marks, trade names, designs, or logos likely to cause the public to believe Defendants (or their coffeehouse or coffee bar services) are connected, licensed, sponsored, affiliated, or associated with Dilworth Coffee in any manner, including but not limited to "Dilworth Espresso," and (ii) prohibiting any future use of trademarks, service marks, trade names, designs, or logos likely to cause the public to believe the Defendants (or their coffeehouse or coffee bar services) are connected, licensed, sponsored, affiliated, or associated with Dilworth Coffee in any manner, including but not limited to "Dilworth Espresso";

    f.  judgment that the Defendants shall file with the Court and serve on Dilworth Coffee a written report detailing their compliance with the Court's injunction;

    g.  judgment that the Defendants be ordered to pay monetary relief in an amount to be fixed by the Court in its discretion as just, including:

      (i)  all gains, profits, revenues and advantages derived by Defendants from promoting their coffeehouse and coffee bar services under names, marks, designs, and/or logos that infringe the Dilworth Coffee Marks;

      (ii)  all damages sustained by Dilworth Coffee as a result of Defendants' actions;

      (iii)  trebled damages pursuant to 15 U.S.C. §1117;

      (iv)  trebled damages and attorney fees pursuant to N.C.G.S. §75-1.1 *et seq*.

    h.  judgment that this case is exceptional and that the Defendants be ordered to pay all of Dilworth Coffee's attorney fees associated with this action pursuant 15 U.S.C. §1117;

    i.  judgment that the Defendants be ordered to pay all costs and expense incurred by Dilworth Coffee in this action;

    j.  judgment that Dilworth Coffee be granted such other and additional relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Dilworth Coffee hereby demands a trial by jury on all issues that are triable as of right to a jury.

Respectfully submitted, this 28th Day of October, 2014.

         NELSON MULLINS RILEY & SCARBOROUGH LLP

         By: s/ Robert H. McWilliams, Jr.
            Robert H. McWilliams, Jr. (N.C. Bar. No. 39912)
            Jennifer L. Mallory* (S.C. Bar No. 12617)
            Nelson Mullins Riley & Scarborough LLP
            Meridian, 17th Floor
            1320 Main St.
            Columbia, SC  29201
            Tel.: (803) 799-2000
            Fax: (803) 256-7500
            Email: robert.mcwilliams@nelsonmullins.com
            Email: jennifer.mallory@nelsonmullins.com
            *Prospective Pro Hac Vice Applicant*

         *Attorneys for Plaintiff*
         **Just Coffee, Inc., d/b/a Dilworth Coffee**