UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00601-FDW-DCK

| | |
|---|---|
| JUST COFFEE, INC., | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| PHILIPP GERLACH and DILWORTH ESPRESSO L.L.C., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte after Defendant's Pro Se Answer and Counterclaim. (Doc. No. 6).

On October 28, 2014, Plaintiff filed this trademark infringement action. (Doc. No. 1). The docket reflects that both Mr. Gerlach, the individual defendant, and Dilworth Espresso, L.L.C., the business defendant, were served on November 5, 2014. (Docs. Nos. 4, 5).

On November 19, 2014, Mr. Gerlach filed a purported pro se answer on behalf of himself and Dilworth Espresso. (Doc. No. 6). Notably, Defendant Dilworth Espresso has failed to retain counsel; it appears from the answer that Mr. Gerlach is attempting to represent both himself and the company.

Concerning the business Defendant's failure to retain counsel, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); see also, Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F.Supp.2d 779, 780 (E.D.N.C. 2004). This rule has been extended to "all forms of business entities." Gilley v. Shoffner, 345 F.Supp.2d 563, 566-67 (M.D.N.C. 2004).

The Court notes that the Fourth Circuit Court of Appeals has affirmed the District Court's decision to "reject" a pro se corporate defendant's Answer and instead enter default judgment against that party. See Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel"); see also Rhino Assoc., L.P. v. Berg. Manuf. & Sales Corp., 2008 U.S. Dist. LEXIS 2379 (M.D. Pa. 2008) (granting default judgment against corporate defendant where court allowed counsel to withdraw, set a deadline for retaining replacement counsel, and defendant did not comply); Blakewell v. Fed. Fin Group, Inc., 2007 U.S. Dist. LEXIS 82279 (N.D. Ga. 2007) (same); Microsoft Corp. v. Moss, 2007 U.S. Dist. LEXIS 73672 (N.D. Ga. 2007) (same).

Because Defendant Dilworth Espresso LLC has failed to retain counsel, as evidenced by his Phillip Gerlach's unaccompanied signature on the answer, the Court STRIKES the answer as to Dilworth Espresso. Dilworth Espresso LLC must retain counsel within fourteen (14) days from the date of this order or default will be entered against it. The Clerk is directed to send copies of this Order to both defendants at the following addresses:

Philipp Gerlach
10207 Wildbracken Ct.
Charlotte, NC 28210

Dilworth Espresso L.L.C
P.O. Box 472005
Charlotte, NC 28147

IT IS SO ORDERED.

Signed: November 20, 2014

Frank D. Whitney
Chief United States District Judge